# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

TEAMSTERS LOCAL UNION 480,

    Plaintiff,

V.

UNITED PARCEL SERVICE, INC.

    Defendant.

Civil Action No. _____

## COMPLAINT

COMES NOW Teamsters Local Union 480, Plaintiff herein, through undersigned counsel, and files this Complaint against the Defendant, United Parcel Service, and for its cause of action alleges as follows:

This action arises under, and jurisdiction is conferred on this Court by virtue of, § 301 of the Labor Management Relations Act, 1947 (29 USCA § 185), hereinafter referred to as "the Act."

1. This action involves an actual controversy between the parties hereto, and this Court is therefore vested by the provisions of the Declaratory Judgment Act as amended (28 USCA §§ 2201, 2202), with power to render the declaratory judgment, and grant other relief, herein prayed for.

2. Plaintiff Teamsters Local Union 480 (hereinafter "Union") is the duly certified, exclusive bargaining representative for certain employees of defendant United Parcel Service in the Nashville, Tennessee area, and, as such, is a labor organization representing employees in

an industry affecting commerce, within the provisions of § 301 of the Act, and of the definitions contained in §§ 2(5), and 501(1) and (3), of the Act ( 29 USCA § 152(5), 142(1) and (3)).

3. Plaintiff's duly authorized officers and agents are engaged in representing and acting for employee members of the Plaintiff in the City of Nashville, State of Tennessee, within the territorial jurisdiction of this Court.

4. Defendant United Parcel Service, Inc. (hereinafter "UPS"), is a corporation organized and existing under the laws of the State of Ohio, and has its principal office located in the City of Atlanta, State of Georgia, and a principal place of business located in the City of Nashville, State of Tennessee, within the territorial jurisdiction of this Court.

5. Defendant is a package delivery company, which provides transportation, logistics, and financial services in the United States and internationally, and is an employer in an industry affecting commerce, within the meaning of § 301 of the Act, and the definitions contained in §§ 2(2) and 501(1) and (3) of the Act ( 29 USCA § 152(2), 142(1) and 29 U.S.C.A. § 142(3))

6. UPS entered into a national collective bargaining agreement and a Southern Region Supplemental Agreement with Plaintiff, which agreement was effective December 19, 2007 through July 31, 2013, and, at all times material herein, was in full force and effect. A copy of relevant excerpts of this collective bargaining agreement (hereinafter "CBA") is attached hereto as Exhibit A.

7. Article 7 of such agreement, entitled "Local and Area Grievance Machinery," Article 8 of such agreement, entitled "National Grievance Procedure" and Article 51 of such

2

Agreement, entitled "Grievance" provide a procedure for the presentation, adjustment, and settlement of grievances, with binding arbitration as a final step. (See Exhibit A).

8. Numerous grievances were filed by Plaintiff on behalf of the employees it represents regarding what Plaintiff viewed as violations of the CBA involving the methods used by UPS to assign work opportunities in the Shifter classification.

9. Following discussion and negotiation between Plaintiff and UPS, an agreement was made to settle certain of the Shifter Grievances on June 16, 2010 (a copy of the Settlement Agreement is attached hereto as Exhibit B).

10. As part of the Shifter Grievance Settlement, Teamsters Local 480 agreed to withdraw the grievances; and UPS agreed to the following:

   A. Post two new 22.2 jobs for bid in the shifter classification on June 21, 2010;

   B. Post an "Interest List" on a monthly basis for 22.2, 22.3, and part-time shifters to indicate interest in extra/coverage work opportunities;

   C. To offer all extra/coverage shifter work opportunities to full-time 22.2 and 22.3 employees before part-time employees;

   D. To post shifter bids on or before June 21, 2010 with additional premium start times.

11. UPS has not properly posted Interest Lists on a monthly basis as agreed.

12. UPS has not properly utilized the steward verification process to call shifter employees.

13. These actions (¶¶ 11-12) are in violation of Paragraph B of the Settlement Agreement.

14. UPS has continued to utilize Seasonal Shifters.

15. UPS is forcing full-time 22.2 Shifters out of their classification to perform other work while utilizing Seasonal Shifters.

3

16. UPS has improperly laid off part-time Shifters.

17. UPS has utilized out of classification employees instead of Shifters.

18. These actions (¶¶ 14-17) are in violation of Paragraph C of the Settlement Agreement.

19. Because Plaintiff has withdrawn the relevant grievances in reliance on the Settlement, it cannot now seek arbitration of these grievances.

20. Plaintiff has attempted to discuss the failure of UPS to comply with the settlement terms to which it agreed, to no avail.

21. The failure of UPS to comply with the Settlement Agreement is in breach of the Settlement Agreement.

22. The written settlement of a grievance between company and union is a final and binding settlement of the grievance as an arbitrator's award is.

23. UPS's breach of the Settlement Agreement constitutes a violation of the arbitration provisions of the CBA.

24. UPS's violation of the provisions of the CBA relative to arbitration seriously threatens and jeopardizes the amicable relations theretofore existing between the parties hereto.

25. UPS's conduct thwarts the peaceful and orderly procedures for settlement of disputes contemplated by and provided for in the collective bargaining agreement.

26. Plaintiff has no adequate remedy at law, since only a judgment enforcing and ordering UPS to comply with the terms of the Settlement Agreement will provide Plaintiff with the relief required under the circumstances.

WHEREFORE, Plaintiff prays:

27. That this Court enter a judgment enforcing the Settlement Agreement against UPS.

28. That this Court award Plaintiff its costs sustained in this action; and,

4

29.   That this Court grant Plaintiff such other and further relief as may be just and proper in

the premises.

Dated this 9th day of February, 2012

Respectfully submitted,

SAMUEL MORRIS, BPR # 12506
LESLEY COOK, BPR #23661
GODWIN, MORRIS, LAURENZI
 & BLOOMFIELD, P.C.
50 North Front Street, Suite 800
Memphis, TN 38103
Office: 901-528-1702
Facsimile: 901-528-0246
emails: smorris@gmlblaw.com
          lcook@gmlblaw.com

5